# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JONATHAN G. SMITH, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 4:11CV1672 JAR |
| | ) |
| TIMOTHY HIPSKIND, et al., | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of plaintiff (registration no. 131156), an inmate at St. Louis City Justice Center, for leave to commence this action without payment of the required filing fee [Doc. #2]. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $13.33. See 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed for lack of jurisdiction.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the

greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. Id.

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $66.67, and an average monthly balance of $3.98. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $13.33, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action is malicious if it is

undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Id. at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. Id. at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." Id. The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." Id. at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's conclusion is the most plausible or whether it is more likely that no misconduct occurred. Id. at 1950, 51-52.

### The Complaint

Plaintiff, an inmate at St. Louis City Justice Center, brings this action against four medical defendants, purported to be affiliated with BJC Healthcare. Plaintiff asserts, generally, that defendant doctor Timothy Hipskind subjected him to medical malpractice in July of 2010 by discharging him from the hospital prior to receiving MRI results that showed that plaintiff had suffered a stroke. Plaintiff asserts that Dr. Hipskind also denied him treatment for Bells Palsy and subjected him to "racial discrimination." Plaintiff additionally states that defendant doctor Sudheer Atluri allowed Dr. Hipskind to deny him treatment and discriminate against him. Plaintiff states that defendants Janet Desnoyer and Pamela Capps, affiliated with BJC Healthcare, failed to remedy his complaints against defendants Atluri and Hipskind.

Plaintiff seeks monetary damages for the alleged medical malpractice and racial discrimination.

## Discussion

At the outset, the Court notes that although plaintiff has filed his action on a 42 U.S.C. § 1983 Civil Complaint Form, he has not articulated a basis for this Court's jurisdiction. Simply put, plaintiff's claims against defendants are for medical malpractice. As such, the instant action does not arise under the Constitution, laws, or treaties of the United States, and thus, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable. Although plaintiff summarily alleges "racial

discrimination," none of the named defendants is alleged, or appears to be, a state actor, and thus, there can be no cause of action under 42 U.S.C. § 1983.[1]

Having carefully reviewed the complaint, the Court concludes that this action should be dismissed, without prejudice, for lack of jurisdiction. See Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $13.33 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the Court lacks jurisdiction over this matter.

---

[1] Furthermore, although plaintiff seeks monetary damages in an amount exceeding $75,000, complete diversity of citizenship appears to be lacking, as plaintiff has not alleged that both he and defendants are citizens of different states. See 28 U.S.C. § 1332.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2ND day of November, 2011.

／s/ John A. Ross
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE